UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JAMES SIMPSON,

          Plaintiff,                        Case No. 1:09-cv-245

v.                                            Honorable Janet T. Neff

PATRICIA L. CARUSO et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff is incarcerated in the Muskegon Correctional Facility (MCF). In his *pro se* complaint, Plaintiff sues Patricia Caruso, Michigan Department of Corrections (MDOC) Director; Floyd Smith, MCF Storekeeper Supervisor; and Jim Bos, Chairperson of the Muskegon Correctional Store Committee.

Plaintiff's complaint concerns a new surcharge on some items being sold in prisoner stores. According to Director's Office Memorandum (DOM) 2009-7, Section 926 of Public Act 245 of 2008 (the MDOC's appropriations bill for fiscal year 2008-09) requires the MDOC to impose a 10% surcharge on the retail prices of all items sold in prisoner stores, *except* for items in the following categories: mandatory health care products, over-the-counter personal care products, hygiene products, stationary and cosmetics. Consequently, the surcharge applies to items in the "miscellaneous" and "food/beverage" categories. According to the DOM, the surcharge is in addition to any other adjustments in prices authorized by MICH. DEP'T. OF CORR., Policy Directive 04.02.130 "Prisoner Store" (eff. Nov. 15, 2004). Policy Directive 04.02.130 provides that inmates may purchase approved items for their personal use from the prison store. The policy identifies more than 200 approved items which prisoners may purchase and also provides for the creation of a prisoner store committee which may make recommendations regarding the items which the prison store offers for sale. In addition, the policy provides that the retail prices of the items in the prison store "shall be adjusted to ensure store net profits do not exceed twelve percent yearly . . ." *Id.* at ¶ V. Net profits from the store are credited to the Prisoner Benefit Fund.

Plaintiff claims that the surcharge constitutes a "tax" and violates the price limits imposed by Policy Directive 04.02.130. He further claims that in addition to the new tax, Defendants Bos and Floyd have increased the prices for most goods to "way beyond market value." Plaintiff argues that the tax and other price increases violate his Eighth Amendment right against cruel and unusual punishment because he is not able to purchase as many goods from the prison store. Specifically, Plaintiff claims that he does not have enough money to purchase both personal hygiene supplies and envelopes to mail letters to his family.

Plaintiff seeks injunctive relief, as well as monetary damages of $250,000 for mental anguish.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities."  *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey*, 832 F.2d at 954.

Plaintiff's allegations clearly do not rise to the level of an Eighth Amendment violation.  While Plaintiff claims that he is unable to afford both personal hygiene products and

envelopes as a result of the surcharge, both hygiene products and stationery are specifically exempted from the surcharge. Consequently, Plaintiff's ability to purchase those items is not affected by the surcharge. Moreover, prisoners have no constitutionally guaranteed right to purchase commissary items at the same or lower price than charged at regular retail stores. *See McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003) (allegation that prisoner was overcharged for goods at prison commissary failed to state a constitutional claim); *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980) (no legal basis exists for a demand that inmates be offered items for purchase at or near cost); *see also Tunnell v. Robinson*, 486 F. Supp. 1265 (W.D. Pa. 1980); *United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114 (S.D.N.Y. 1977), *rev'd on other grounds sub nom Bell v. Wolfish*, 441 U.S. 520 (1979); *Lineberry v. U.S.*, No. 5:08-cv-72, 2009 WL 499763, at *18 (E.D. Tex. Feb. 27, 2009); *Floyd v. Emmet Co. Corr. Facility*, No. 1:06-cv-283, 2006 WL 1429536, at *4 (W.D. Mich. May 23, 2006); *Torres v. Droun*, No. 301CV1844DJSTPS, 2004 WL 721729, at *7 (D. Conn. Mar. 30, 2004); *Bagwell v. Brewington-Carr*, No. 97-714-GMS, 2000 WL 1239960, at *3 (D. Del. Aug. 25, 2000); *Acree v. Peterson*, No. 99-1085, 2000 WL 1141587, at *7 (D.Or. Aug. 1, 2000); *Bennett v. Sheahan*, No. 99-cv-2270, 1999 WL 967534, at *4 (N.D. Ill. Oct. 5, 1999).

Further, Plaintiff's claim for emotional injuries is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Hardin-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008); *Taylor v. United States*, 161 F. App'x 483, 486-87 (6th Cir. 2007); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000). Plaintiff alleges no physical injury; therefore, his claim for emotional damages is barred.

Plaintiff also asserts that the surcharge and other price increases imposed by Defendants Bos and Floyd violate Policy Directive 04.02.130.  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation.  *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest).  Thus, to the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction.  The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances.  *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993);  *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *2 (6th Cir. June 18, 1998).

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

        This is a dismissal as described by 28 U.S.C. § 1915(g).

        A Judgment consistent with this Opinion will be entered.


Dated: April 14, 2009          /s/ Janet T. Neff
        Janet T. Neff
        United States District Judge